(No. 829—Claimant awarded $2500.00.)

ROY E. SEDEWARFT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

MILITARY SERVICE—*when claimant entitled to award.* Where a member of the Illinois State Militia is injured while in the performance of his duty, under orders from his superior officer, an award may be made to him for the injuries sustained.

ROY E. SEDEWARFT, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case filed by Roy E. Sedewarft, a private in Battery "E," 202nd Artillery (Anti-Air Craft), stationed and encamped at Camp Custer, Michigan, to recover damages for injury sustained while on duty, and in his declaration claimant avers that on July 13, 1923, he, together with other members of the Illinois State Militia, was engaged in practice firing of a certain machine gun under the command of Major Kenneth C. Seibert; that at 11:15 A. M. the order was given to cease firing and to dismount the gun; that claimant and one Alexander A. Branski were engaged in dismounting the gun; that Major Seibert heard an explosion, turned around and saw that claimant had been injured in the right hand; that his hand was over the muzzle of the gun, which was not locked, and that Branski grasped the handle of the gun and pulled it upwards, causing its discharge and his resultant injury; that injury resulted in amputation of the index finger and part of the palm of the right hand, necessitating the drawing of the thumb over against the palm and fastening same there, the injury being permanent and seriously interferring with the ability of claimant to earn a living; that at the time of the injury he was employed in a clerical capacity in a railroad office, his duties requiring writing by hand; that

he has since lost his position, as he was unable to write a reasonably legible hand; that claimant was confined for a time in a hospital at Battle Creek, Michigan, and thereafter was treated by Dr. L. C. Dubois, of 202 A. A. A., I. N. G., whose address is 5875 Broadway, Chicago; that claimant is assisting in the support of his mother, so far as he is able to; that he has only been able to secure temporary positions since his injury; that his injury has seriously handicapped him for manual or clerical labor; that he has no profession and is probably not educated or equipped to undertake one even if he had the means to pursue an education, and claimant avers that the injury resulted while he was under order given to claimant and others to dismount the machine gun, and that said machine gun in some manner was accidentally discharged, whereby the injuries above set forth resulted.

The demurrer filed by the Attorney General is allowed as a matter of law.

Stipulation agreed upon by and between the parties recites that the transcripts of all testimony given before the board of officers at Camp Custer, Michigan, on July 13, 1923, and subsequent dates, touching the injury to Roy E. Sedewarft, and which includes the testimony given by Major Kenneth C. Seibert, Captain George F. Mundt, First Lieutenant Arthur Hoag, Sergeant Charles F. Harrell, witnesses Gaffney, Lafquist, Branski, Wolfe, Burt, Hoag, Block, claimant, Roy E. Sedewarft, and others may be considered in evidence before the Court of Claims in lieu of depositions, together with all other documents, findings, date and information now contained in the files of the adjutant general of the State of Illinois, in so far as the same, or any part of it, may pertain to the injury sustained by said claimant and to a correct and just disposition of the claim of the said Roy E. Sedewarft against the State of Illinois.

It appears from an amended declaration filed herein that claimant has been paid $30.00, and that an additional sum of $180.00 has been paid to claimant on September 4, 1924.

The court further finds that the board of officers who considered the case recommended that claimant be paid the sum of fifty dollars per month for a period of fifty months, and found the degree of disability suffered by claimant to be 50%; that subsequently the board amended their report and recommended that claimant be paid the sum of two hundred dollars in cash and the further sum of fifty dollars per month until

the matter could be considered by the Court of Claims, and we find that said sums of $30.00 and $180.00, respectively, have been paid claimant.

We accordingly award to the claimant the sum of $2,500.00.